# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

MICHELLE GAWRONSKI,

    Plaintiff,

vs.                              CASE NO. 5:06cv237/RS/AK

MICHAEL W. WYNNE, SECRETARY OF
DEPARTMENT OF DEFENSE,
TYNDALL AIR FORCE BASE,

    Defendant.
_____/

## ORDER

    Before me are Defendant's Motion for Summary Judgment (Doc. 71), Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. 77), Plaintiff's Notice of Filing Documents in Opposition to Summary Judgment (Doc. 75), Plaintiff's Corrected Statement of Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. 78), and Notice of Filing Plaintiff's Corrected Affidavit (Exhibit 80A) in Opposition to Summary Judgment (Doc. 81).

    Plaintiff alleges three counts against Defendant in Plaintiff's Third Amended Complaint (Doc. 46). These counts are gender discrimination, retaliation, and handicap/disability discrimination.

## I. STANDARD OF REVIEW

Under the Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. COUNT I – GENDER DISCRIMINATION

Both parties agree that the elements to prevail on a claim of sexual harassment under Title IV are: (1) that Plaintiff belongs to a protected group; (2)

that Plaintiff has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).  The fifth element is the only element in dispute.

On February 9, 2004, Plaintiff was hired as a Biologist, GS-11, for Defendant.  Plaintiff states in Plaintiff's Third Amended Complaint (Doc. 46) and Plaintiff's Corrected Statement of Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. 78) that she was the victim of sexual harassment and that Defendant took no remedial action.  Plaintiff states in Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. 77) that Defendant "did nothing other than talk to Dingwall."

The court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  Plaintiff only states vague

conclusions. *See Riley v. Camp*, 130 F.3d 958, 972 (11th Cir. 1997) (*citing Bennett v. Parker*, 898 F.2d 1530, 1537 (11th Cir. 1990) (court deferred final decision until the plaintiff's pleadings were sufficiently 'developed' for the court to identify the factual contentions and to assess the merits of the claim)).  Instead, Plaintiff files over eighty exhibits and makes no reference to most of these exhibits in any other filing.  The Court will not accept conclusory allegations or legal conclusions masquerading as factual conclusions. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993).

In Defendant's Motion for Summary Judgment (Doc. 71), Defendant outlines in full detail specific events regarding this claim.  I do not have any facts from the Plaintiff to determine if there is a genuine issue as to any material fact.  I recognize that I may use only the Defendant's evidence and make all factual inferences arising from it in the light most favorable to the Plaintiff.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  However, I feel justice is better served if Plaintiff states their version of the events.

Consideration of Defendant's Motion for Summary Judgment (Doc. 71) as to this claim is deferred until Plaintiff files a statement of facts that details

Plaintiff's actions and Defendant's response regarding the sexual harassment. Plaintiff must file a detailed statement of facts regarding the gender discrimination claim no later than Thursday, August 21, 2008, at 9:00 a.m., CDT.

### III. COUNT II – RETALIATION

Both parties agree that the elements to prevail on a claim of retaliation are: (1) that Plaintiff engaged in statutorily protected expression; (2) Plaintiff suffered an adverse employment action; and (3) there is a casual connection between the two events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (*citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2410-16, 165 L.Ed.2d 345 (2006)). Both parties agree that Plaintiff engaged in statutorily protect expression when filing an EEO complaint.  Therefore, the first element is met.

Plaintiff asserts many instances of adverse employment action against her including being placed on absence without leave status, refusal to place her in another position at Tyndall, refusal to allow her additional time to obtain medical records or certifications, not giving Plaintiff access to her email because she was not in "official capacity," and her ultimate termination due to Defendant's refusal to reassign her into a position other than under her former supervisors.  Defendant argues that many of these are not adverse employment actions.  Regardless,

Plaintiff was terminated from employment on November 21, 2006. Termination is clearly an adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Therefore, the second element is met.

The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. *Goldsmith,* 513 F.3d at 1278 (*citing EEOC v. Reichhold Chems., Inc.,* 988 F.2d 1564, 1571-72 (11th Cir. 1993)). Plaintiff states, "the harassment began immediately after the results of the CDI were given to Lt. Col Van de Walle." This is the only statement Plaintiff makes to show this causal link. While it is a stretch, when viewing the facts in the light more favorable to the Plaintiff and taking into account the minimal evidence needed to meet this element, the third element is met.

After the plaintiff has established the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense to liability. *Goldsmith,* 513 F.3d at 1277 (*citing Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1073, 1075 n. 54 (11th Cir. 1995). The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct. *Id.*

Defendant outlines the events leading up to Plaintiff's termination showing a legitimate, nonretaliatory reason for Defendant's actions. Plaintiff filed sexual harassment complaints against a co-worker. On May 4, 2005, an incident occurred with this co-worker in the parking lot. Following this incident, Plaintiff was placed on administrative leave with pay. The next day Plaintiff filed an EEO complaint. On May 9, 2005, Plaintiff requested being placed under Ann Garner, a former supervisor, and Defendant agreed it would be effective May 16, 2005. Plaintiff did not return to work. On July 15, 2005, Plaintiff requested being assigned to another organization. Defendant could not reassign Plaintiff to a vacant position because Plaintiff was not qualified for any of Defendant's vacant GS-11 positions. (This is discussed in greater detail in the next section.) On August 19, 2005, Defendant agreed to allow Mr. Stahl to supervise Plaintiff for sixty days to allow her to transition back into her duties. Defendant told Plaintiff to return to work on August 22, 2005, or provide acceptable medical documentation. When Plaintiff did not report to work on August 22, 2005, she was changed from administrative leave to absence without leave status, a non-disciplinary change.

On August 23, 2005, Defendant received a letter from Plaintiff's physician indicating that Plaintiff could not return to work for medical reasons and requested that Plaintiff be excused from work until further notice. Almost a year later,

Defendant mailed Plaintiff a Notice of Proposed Non-Disciplinary Removal, dated August 17, 2006.  Plaintiff responded in a letter dated September 7, 2006, stating that she did not know if she will be well enough to return to Tyndall.  Defendant's Notice of Decision to Remove for Nondisciplinary Reasons, dated November 21, 2006, terminated Plaintiff's employment effective November 22, 2006.

Plaintiff does not state any evidence that the reasons given for termination are a pretext for prohibited retaliatory conduct.  Plaintiff was absent from work for over a year and a half from May 4, 2005, until terminated on November 22, 2006.  While Plaintiff may not have liked the employment options Defendant provided, Defendant attempted to accommodate Plaintiff by allowing her to work under two different supervisors.  Even viewing the facts in the light most favorable to Plaintiff, Defendant did not retaliate against Plaintiff.  Therefore, Defendant's Motion for Summary Judgment (Doc. 71) is GRANTED as to Count II.

### IV. COUNT III – HANDICAP/DISABILITY DISCRIMINATION

According to 42 U.S.C. § 12112(a), "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability…" 42 U.S.C. § 12112(a).  The term 'covered entity' means an employer. 42 U.S.C. § 12111(2).  The term 'discriminate' means not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee,

unless the accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A).  A 'reasonable accommodation' includes reassignment to a vacant position. 42 U.S.C. § 12111(9).  An 'undue hardship' requires significant difficulty or expense. 42 U.S.C. § 12111(10)(A).

In viewing the facts in the light most favorable to Plaintiff, Plaintiff is a qualified individual with a disability.  Plaintiff states that Defendant discriminated against her by failing to reassign her to another position within Tyndall.  Plaintiff includes a list of available positions at Tyndall Air Force Base in Plaintiff's Notice of Filing Documents in Opposition to Summary Judgment, Exhibit 39 (Doc. 75).  The Civilian Brief for Plaintiff is also included in Plaintiff's Notice of Filing Documents in Opposition to Summary Judgment, Exhibit 40 (Doc. 75).

According to Plaintiff, there were many open positions Plaintiff could have performed at Tyndall but not one was offered.  In the list of available positions, only eight are GS-11 positions: Electrical Engineering Technician, Electronic Industrial Controls Mechanic, Human Resources Specialist, IT Specialist, Security Specialist, Supervisory Budget Analyst, and two Work/Life Consultant positions.  Based on Plaintiff's Civilian Brief, there is no indication that Plaintiff, a biologist, is qualified for any of these positions.  Defendant could not reassign Plaintiff to a vacant position because Plaintiff was not qualified for any of Defendant's vacant

GS-11 positions.  Even viewing the facts in the light most favorable to Plaintiff, Defendant did not discriminate against Plaintiff.  Therefore, Defendant's Motion for Summary Judgment (Doc. 71) is GRANTED as to Count III.

## V. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 71) is **GRANTED as to Count II and Count III and DEFERRED as to Count I**.  Plaintiff must file a detailed statement of facts regarding the gender discrimination claim no later than Thursday, August 21, 2008, at 9:00 a.m., CDT.

**ORDERED** on August 18, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**