## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MICHELLE GAWRONSKI,

     Plaintiff,

vs.                           CASE NO. 5:06cv237/RS/AK

MICHAEL W. WYNNE, SECRETARY OF
DEPARTMENT OF DEFENSE,
TYNDALL AIR FORCE BASE,

     Defendant.

_____/


## ORDER

     Before me are Defendant's Motion for Summary Judgment (Doc. 71),

Plaintiff's Response and Memorandum of Law in Opposition to Defendant's

Motion for Summary Judgment (Doc. 77), Plaintiff's Notice of Filing Documents

in Opposition to Summary Judgment (Doc. 75), Plaintiff's Corrected Statement of

Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. 78),

Notice of Filing Plaintiff's Corrected Affidavit (Exhibit 80A) in Opposition to

Summary Judgment (Doc. 81), and Plaintiff's Statement of Facts in Opposition to

Defendant's Motion for Summary Judgment [Response to Doc 94] (Doc. 95).

# I. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."
*Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of
showing the absence of a genuine issue as to any material fact, and in deciding
whether the movant has met this burden, the court must view the movant's
evidence and all factual inferences arising from it in the light most favorable to the
nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598,
1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115
(11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed
facts, then a court should deny summary judgment." *Miranda v. B & B Cash
Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank
& Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However,
"[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will
not suffice; there must be enough of a showing that the jury could reasonably find
for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing
Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

Both parties agree that Plaintiff first reported sexual harassment by the
harassing co-worker occurred in a verbal complaint to her supervisor, Gleason, in

January, 2005.  Plaintiff claims that Gleason did nothing in response to this verbal complaint.  Defendant claims Gleason wrote in a memorandum to the co-worker addressing the issue.

On February 9, 2005, Plaintiff states that she reported the harassment a second time to Gleason.  Plaintiff claims that Gleason did nothing in response to this second verbal complaint.  Both parties agree that Plaintiff again reported the harassment to Gleason on February 16, 2005.  Plaintiff asserts that this was the third verbal complaint; Defendant asserts it was the second.  On February 16, 2005, Plaintiff discussed her intentions to confront the harassing co-worker with Gleason.  After the confrontation, Plaintiff discussed the confrontation with Gleason.

On February 21, 2005, Plaintiff again reported the harassment to Gleason.  Plaintiff asserts that this was the fourth verbal complaint; Defendant asserts it was the third.  Gleason told Plaintiff he would talk to the harassing co-worker.  Plaintiff asked Gleason not to talk with the harassing co-worker; instead, Plaintiff would again confront him.  After the confrontation, Plaintiff discussed the confrontation with Gleason.

On April 15, 2005 or April 16, 2005, Plaintiff states that she reported the harassment a fifth time to Gleason.  Plaintiff claims that Gleason did nothing in

response to this fifth verbal complaint.  On April 18, 2005, Plaintiff again reported

the harassment to Gleason.  Plaintiff asserts that this was the sixth verbal

complaint; Defendant asserts it was the fourth.  Gleason instructed the harassing

co-worker to only have work-related contact with Plaintiff.

On April 20, 2005, Gleason held a meeting when the harassing co-worker

apologized to Plaintiff, and Gleason stated that everyone would be supported

through this tough time.  On April 22, 2005, Plaintiff again reported the

harassment.  Plaintiff asserts that this was the seventh verbal complaint; Defendant

asserts it was the fifth.  Gleason wrote a sexual harassment memorandum to the

harassing co-worker prohibiting him from the building Plaintiff worked in unless

escorted and prohibited all contact with any employee in Plaintiff's department.  A

guard was posted at the front door, but facts are in dispute as to whether the

backdoor was secure.

The following week, Plaintiff reported the harassing co-worker watched her

walk into work that morning. Gleason told Plaintiff to use the EEO office if she

needed it.  The harassing co-worker sent emails to employees in Plaintiff's

department on April 25, 2005, and April 28, 2005.  Gleason placed the harassing

co-worker on administrative leave effective April 29, 2005.

On May 4, 2005, the harassing co-worker was standing in the parking lot as Plaintiff arrived at work. He was detained by security forces. A "No Contact Order" was issued directing the harassing co-worker to have no contact with any person in the 325th Civil Engineer Squadron and to stay at least 50 feet from any building in which any 325th Engineer Squadron person worked. The doors of the building were locked and a guard was posted. On June17, 2005, the harassing co-worker was sent a Notice of Proposed Removal terminating him effective July 18, 2005.

### III. ANALYSIS

Both parties agree that the elements of a claim of sexual harassment under Title IV are: (1) that Plaintiff belongs to a protected group; (2) that Plaintiff has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Only the fifth element is in dispute.

To satisfy the fifth element, a plaintiff must show that an employer had notice of the harassment and failed to take prompt and adequate remedial action. *Walton v. Johnson & Johnson Services, Inc.*, 347 F.3d 1272, 1286 (11th Cir. 2003); *Dees v. Johnson Controls World Services, Inc.*, 168 F.3d 417, 422 (11th Cir. 1999).  Both parties agree that Defendant knew of the harassment.  The only issue is whether Defendant took prompt and adequate remedial action.

A remedial measure should be designed to stop the harassment, correct its effects on the employee, and ensure that the harassment does not recur. *Walton*, 347 F.3d at 1288.  Viewing the facts in the light most favorable to Plaintiff, Defendant failed to respond entirely to Plaintiff's first two complaints regarding the harassment.  When Plaintiff complained a third time, Defendant discussed the issue with the harassing co-worker.  After Plaintiff complained again and requested her immediate supervisor not speak with the harasser due to the harassing co-worker's unpleasant reaction, Defendant did nothing.  It took approximately three months after Plaintiff's first complaint for Defendant to restrict the harassing co-worker's contact with Plaintiff.  Plaintiff has made a prima facie showing that Defendant failed to take prompt and adequate remedial action to stop the harassment.  Therefore, summary judgment is not appropriate.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 71) is **denied as to Count I**.  Defendant's Request for Leave to Respond to Plaintiff's Supplemental Reply to Defendant's Motion for Summary Judgment (Doc. 96) is **denied as moot**.

**ORDERED** on August 22, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**